UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUNICE HOWELL, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> FREDERICK J. HANNA & ) <br> ASSOCIATES, P.C. ) <br> and FIA CARD SERVICES, N.A., ) <br> ) <br> DEFENDANTS, ) | Civil Action No._____ |

## COMPLAINT

Plaintiff, Eunice Howell, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Frederick J. Hanna & Associates, P.C., and FIA Card Services, N.A. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and also violations of state law.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

2. Venue in this District is proper because Defendants' collection demands were received here, Defendants transact business here.

## PARTIES

3. Plaintiff, Eunice Howell, ("Plaintiff") is an individual and resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia corporation engaged as a "debt collector" as defined by and within the meaning of

§ 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant Hanna was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Hanna operates a nationwide collection law firm from its offices in Georgia that sends collection letters to virtually every state, including to thousands of consumers in the State of Illinois.

6. Defendant, FIA Card Services, N.A., ("FIA") is a payment services company that is a subsidiary of Bank of America. FIA is a Delaware corporation which does business in Illinois.

**FACTS**

7. On or around November 26, 2007, a judgment was entered against the Plaintiff in Case# 2007 SC 1547 in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, for a FIA credit card debt she had incurred under Acct# 4313035304039068 ("alleged debt"). The alleged debt consisted of charges she incurred for household and personal purposes via use of the card, and said obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Plaintiff is an elderly woman who, due to her financial circumstances, could not immediately pay the judgment entered on the alleged debt.

9. On or around July 31, 2009, the law firm of Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt") sent Plaintiff a letter offering to settle the alleged debt identified by account number 4313035304039068, on behalf of FIA, for $1,450.00 provided said

funds were received by Blatt by August 31, 2009. (Exhibit A, Letter from Blatt dated July 31, 2009).

10. Plaintiff accepted Blatt's offer of settlement and timely tendered to Blatt a draft in the amount of $1,450.00, which was accepted and cashed by Blatt. (Exhibit B, Copy of check from Eunice Howell dated July 31, 2009 in the amount of $1,450.00).

11. Blatt thereafter filed and caused to be entered a Satisfaction and Release of Judgment for the whole amount of the alleged debt, $2,743.86. (Exhibit C, Copy of Release dated October 22, 2009).

12. Despite the fact that the alleged debt had been settled in full, FIA thereafter forwarded the account to Frederick J. Hanna & Associates, P.C., a debt collection law firm, to continue to attempt to collect a "Balance" from the Plaintiff that purportedly was not paid on the alleged debt.

13. On or about January 8, 2010, Hanna sent Plaintiff a letter stating that Plaintiff owed a "Balance" on the alleged debt of $1,391.43. Said letter stated a "Reference" number of 4313035999950579 for the debt being collected. (Exhibit D, Letter from Hanna dated January 8, 2010).

14. On or around January 13, 2010, Plaintiff received a telephone message from Hanna that stated, in part, that the call was an attempt to collect a debt.

15. On or around January 14, 2010, Plaintiff received another telephone call from an agent or employee of Hanna. During the pendency of the call, Plaintiff informed said Hanna agent or employee that she was represented by The Seideman Law Firm, P.C., and also that she had already paid the alleged debt.

16. Despite the fact that Plaintiff informed Hanna that she was represented by counsel, agents or employees of Hanna continued to attempt to collect the alleged debt from Plaintiff by placing telephone calls to the Plaintiff on January 16, 2010, January 21, 2010, January 22, 2010, and January 25, 2010—all for the purpose of collecting the alleged debt.

17. During the pendency of a phone call made by Hanna on January 16, 2010, an agent or employee of Hanna who identified himself as "Jason Randall" told the Plaintiff that she had two separate accounts with FIA, that she had only settled one of them, and that he was attempting to collect the FIA account that had not been settled.

18. In fact, Plaintiff only had one FIA account, and had settled said account well before the January 16, 2010 telephone call from Hanna, referenced above.

19. On September 24, 2010, an agent for the Plaintiff placed a telephone call to Bank of America Recovery Department via telephone number 800-475-2025, to confirm that FIA account number 4313035304039068 refers to the same account and debt as the "Reference" number of 4313035999950579 which appeared on the letter sent by Hanna dated January 8, 2010. During the pendency of the telephone conference with Bank of America employee who identified herself as "Angie", said employee confirmed that FIA account number 4313035304039068 and Hanna's reference number 4313035999950579 referenced the same account number and debt.

20. In truth and in fact, Plaintiff does not owe any money to FIA, or any other creditor, on the alleged debt.

21.     In truth and in fact, FIA was aware that Plaintiff had settled the alleged debt in full, but it nonetheless deceptively and fraudulently attempted to collect the alleged, but nonexistent, "Balance" of said debt from the Plaintiff.

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*--HANNA

22.     Plaintiff incorporates paragraphs 1-20.

23.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

a)   Defendant violated 15 U.S.C § 1692c(a)2 when it repeatedly communicated with Plaintiff after it had been informed that Plaintiff was represented by counsel, the name of which Plaintiff had also communicated to the Defendant;

b)   Defendant violated 15 U.S.C § 1692d when it oppressively continued to collect an alleged debt from Plaintiff that she did not owe;

c)   Defendant violated 15 U.S.C §§ 1692e when it falsely and deceptively claimed that Plaintiff owed an amount on the alleged debt that she did not owe;

d)   Defendant violated 15 U.S.C § 1692e (2) when it misrepresented the amount and legal status of the alleged debt;

e)   Defendant violated 15 U.S.C §§ 1692e (5) when it threatened to collect an alleged debt that was not owed by Plaintiff, and thus said debt could not be legally collected from the Plaintiff;

f)   Defendant violated 15 U.S.C. § 1692e (10) by falsely representing that Plaintiff owed a balance on the alleged debt that she did not owe;

g)   Defendant violated 15 U.S.C. § 1692e (10) by falsely telling the Plaintiff that the account that was being collected from her was one of two separate FIA accounts held by Plaintiff that was in default when, in fact, Plaintiff only held one FIA account;

h)   Defendant violated 15 U.S.C. § 1692f when it unfairly attempted to collect an alleged debt from Plaintiff that she did not owe;

    i)      Defendant violated 15 U.S.C. § 1692f (1) when it unfairly attempted to collect an alleged debt from Plaintiff that was neither authorized by any agreement pertaining to the alleged debt, nor permitted by law;

24. As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered *inter alia*, severe emotional distress, panic attacks, nervousness, irritability, worry, fear, anxiety, and financial damages, and Plaintiff was forced to hire an attorney to attempt to resolve the issue of Hanna's continued efforts to attempt to collect a debt from her in an amount that she does not owe.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

    A.      Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

    B.      Actual damages suffered by the Plaintiff;

    C.      Plaintiff's attorney fees and costs;

    D.      Any other relief deemed appropriate by this Honorable Court.

### **COUNT II-CONSPIRACY TO DEFRAUD-HANNA AND FIA**

25. Plaintiff incorporates paragraphs 1-24.

26. On and before November 26, 2007, Defendant FIA was a direct banking and payment services company.

27. On and before November 26, 2007, Defendant Hanna was a debt collection agency in the business of collecting defaulted debt from consumers.

28. At some time prior to January 8, 2010, Defendants entered into an agreement whereby Defendant Hanna would attempt to collect a "balance" on the already-satisfied and released alleged debt from Plaintiff, via use of the U.S. Mail.

29. In furtherance of the scheme to defraud the Plaintiff, on an unknown date after October 22, 2009, but before January 8, 2010, Defendant FIA provided Defendant Hanna information pertaining to the alleged debt, so that Defendant Hanna could attempt to collect the alleged debt from Plaintiff. Said information included the address, account number, and the purported balance owed by Plaintiff to FIA.

30. In furtherance of the scheme to defraud the Plaintiff, Defendant Hanna sent Plaintiff a letter dated January 8, 2010, stating that Plaintiff owed a "Balance" of $1,391.43 on a purported debt owed to FIA Card Services, N.A., owed under an account identified by Reference number 4313035999950579. (Exhibit D, Letter from Hanna dated January 8, 2010). Hanna also, on various dates referenced *supra*, attempted to collect the alleged debt via placing calls to the Plaintiff requesting that she pay the alleged debt.

31. The account referenced by Hanna, account number 4313035999950579, is the same account that had previously been settled in full by Plaintiff and released by FIA under account number 4313035304039068, by the filing of a Satisfaction and Release of Judgment entered by the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, on October 22, 2009. (Exhibit C, Copy of Release dated October 22, 2009).

32. At the time Hanna sent a collection letter to Plaintiff, a copy of which is attached to this Complaint as Exhibit D, Plaintiff did not owe any money to FIA on the alleged debt.

33. As a result of Defendants' actions, Plaintiff has suffered *inter alia*, severe emotional distress, panic attacks, nervousness, irritability, worry, fear, anxiety, and financial damages, and Plaintiff was forced to hire an attorney to attempt to resolve the

issue of FIA's continued efforts to attempt to collect a debt from her in an amount that she does not owe.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendants for:

  A. Actual damages;

  B. Costs and reasonable attorney fees;

  C. Punitive Damages; and,

  D. Such other or further relief as the Court deems proper.

## COUNT III-CONSUMER FRAUD-FIA

34. Plaintiff incorporates paragraphs 1-33.

35. At all relevant times, there was in full force and effect in the State of Illinois a statute commonly known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2.

36. Plaintiff is a consumer within the meaning of the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(e)].

37. The collection of debts constitutes services as defined by the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(b)].

38. The collection of debts constitutes trade and commerce as defined by the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(f)].

39. Duly authorized agents of FIA, namely employees and/or agents of FIA and Hanna, made material misrepresentations to Plaintiff regarding her ongoing liability on the amount of alleged debt.

40. Specifically, said misrepresentations include those made in an agreement between the Plaintiff and Blatt, and memorialized by a letter sent to Plaintiff from Blatt dated July 31, 2009, wherein it states that FIA would release, and consider satisfied, the judgment entered on the alleged debt provided that payment of $1,450.00 was made to FIA by the Plaintiff (Exhibit A, Letter from Blatt dated July 31, 2009).

41. Specifically, said misrepresentations include the statements made by Hanna in its January 8, 2010 letter to Plaintiff, which states that Plaintiff owes a "Balance" to FIA of $1,391.43.

42. Plaintiff relied on FIA's representation that it would settle the alleged debt for $1,450.00 and Plaintiff made payments toward the settlement amount thereafter in said reliance, which was reasonable.

43. Plaintiff would not have made payments toward the alleged debt had she known that FIA had not intended to honor the Agreement.

44. Plaintiff relied on Hanna's, and thus FIA's, representations that she owes a "Balance" on the alleged debt, and Plaintiff was forced to hire an attorney to advise her on whether she owed money to FIA based on the contents of the letter sent to her from Hanna dated January 8, 2010. (Exhibit D, Letter from Hanna dated January 8, 2010).

45. Plaintiff was damaged by FIA's actions and suffered, *inter alia*, severe emotional distress, panic attacks, nervousness, irritability, worry, fear, anxiety, and financial damages.

46. FIA's conduct is part of a pattern of misconduct which affects consumers and the public interest, and has a potential for repetition and further injury to others. Its actions in relentlessly attempting to collect a debt from Plaintiff in an amount she does

not owe were made in reckless disregard of the rights of Plaintiff, thereby warranting the imposition of punitive damages.

47. At all times relevant to the facts alleged in this complaint, Hanna's efforts to collect the alleged debt from Plaintiff were duly authorized by FIA, which had hired Hanna to bring about collection of the "Balance" of the alleged debt.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for:

A. Actual damages;

B. Punitive damages in the amount of $50,000;

C. Costs of bringing this action and attorney fees incurred in so doing, pursuant to 815 ILCS 505/10 (c);

D. Whatever other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mario.kasalo@kasalolaw.com